UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by *PG* D.C.

NOV 29 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

V.

CRIMINAL DOCKET NO. 17-20081-CR-M/M

ABDUL   PIERRELUS
        DEFENDANT/MOVANT
-------------------------------

## DECLARATION IN SUPPORT OF MOTION

I, ABDUL PIERRELUS declare the following under penalty of perjury pursuant to 28 U.S.C. 1746:

**1.** That I am the movant in this action as such I am familiar with the facts of this case. I submit this declaration in support of my 28 U.S.C. 2255 petition.

**2.** That after my indictment I retained Jason Kreiss, Esq. to represent me in this criminal proceeding. He represented me to the extent of negotiating the plea agreement.

**3.** I was disappointed with Mr. Kreiss's representation, so I fired him and retained Ms. Kristin D. Figueroa-Contreras as my new defense attorney. She took over the representation and also failed to properly negotiate the issue of loss and what I was responsible for. She simply had me sign the same agreement negotiated by Mr. Kreiss. She told me that I had no option.

**4.** She never mentioned anything to me about the Presentence Investigation Report (PSR). Thus, I had no knowledge of the existence of the PSR until I got to prison at D. Ray James and an inmate told me about the PSR. So I requested to see a copy from my Prison Case Manager. That was how I realized that not only was I sentenced on a $167,073 loss, I was also

ordered to pay restitution in the same amount. Beyond that I was also enhanced at sentencing with 2 points as a leader. How could I be a leader in a crime where I was a minor participant. The extant record does not even support such enhancement but counsel did nothing to oppose the government. She did not file any objection to the PSR as required by law. She did not oppose the loss amount, the enhancement and the restitution at sentencing in open Court.

5. MS. Contreras did not take any steps to investigate my case to get the facts of the case. She failed to request proper discovery from the government. Thus, she sheepishly accepted whatever the government claimed even where the government had no evidence to back up its claim.

6. Based on the foregoing, it is clear that both Mr. Kreiss and Ms Figueroa were not acting as attorneys within the anticipation of the Sith Amendment of the United States Constitution.

7. To assist me in filing a 2255 petition, I retained the services of Paul D. Petruzzi P.A. to represent me. Although I paid the initial deposit and retainer in the sum of $7,500 to Mr. Petruzzi, he promised to file the necessary papers, but he never did until the statutory time to file a 2255 petition had expired. I was sentenced on June 1, 2017. So I had until May 30, 2018, to file my 2255. I retained Mr. Petruzzi on October 19, 2017. He had seven months within which to file the 2255 on my behalf, but he never did.

8. Because I had paid Mr. Petruzzi to file the 2255 petition and he had promised that he will file it. I believed him. By the time I realized that he did not keep to the terms of the agreement, and did not file the 2255, it was already late. Thus, my lateness in filing this 2255 petition is the result of Mr. Petruzzi's ineffective assistance as my counsel who was hired specifically to file the 2255 petition. See a

copy of the Retainer agreement for Mr. Petruzzi attached herein as Exhibit "A".

9. Mr. Petruzzi also was ineffective in failing to follow my instruction which specifically mandated him to file a 2255 petition on my behalf seven months prior to the expiration of the one year statute. In view of this development I request the Court to enlarge the time and permit this late filing. My tardiness is strictly a consequence of ineffective assistance of Mr. Petruzzi, the counsel I retained to file the papers on my behalf but he failed and/or neglected to do so.

DATED: FOLKSTON, GEORGIA
       NOVEMBER 14, 2018.
RESPECTFULLY SUBMITTED

_____
ABDUL PIERRELUS
B.O.P. # 09826-104
D. RAY JAMES CORRECTIONAL FACILITY
P.O. BOX 2000
FOLKSTON, GA. 31537.

## MEMORANDUM OF LAW IN SUPPORT
## OF 2255 MOTION

COMES NOW ABDUL PIERRELUS, Movant and for his Memorandum of law states the following:

" To allege a successful ineffective assistance of counsel claim a defendant must show that: (1) Counsel's performance was unreasonably deficient under prevailing professional standards and (2) but for Counsel's unprofessional errors, there exist a reasonable probability that the result would have been different." **United States V. St. Clair, 714 Fed. Appx. 453 ( 5th Cir. 2018)** Quoting **Strickland V. Washington, 466 U.S. 668, 687, 694, 80 L.Ed. 2d 674(1984).**

The Supreme Court has " rejected the argument ..... that a knowing and voluntary plea supersedes errors by defense Counsel." **Missouri V. Rye, 566 U.S. 134, 141, 182 L. Ed 2d 379 (2012).** Thus, it is possible that a plea can be voluntary and knowing and yet the Counsel could be found ineffective for his performance in representing defendant either at the plea level or at sentencing. In the case at bar, movant admitted guilt for the role he played in this crime, however, movant does not admit that he was responsible for a loss of $167,073, or that he was the leader in this criminal conspiracy. There were only two defendant in the conspiracy. The other guy is the top of the indictment and all the discovery and priffer refer mainly to his role and activities. Movant's role was very tangential in this crime.

Part of movants claim may be successfully analyzed under the Supreme Court's alternate theory as stated in the case of **United States V. Cronic, 466 U.S. 648, 80 L.Ed 2d 657 (1984)( stating** that if there has been such an abdication of advocacy that the prosecution's case was not

1

subjected to meaningful testing, a defendant need not demonstrate that he was prejudiced by counsel's actions.

In the case at bar, movant retained the services of Paul D. Petruzzi, P.A. to file a 2255 for him. He retained this attorney and paid him 7 months prior to the expiration of the one year statute of limitation within which to file a 2255. Mr. Petruzzi, failed and/or neglected to file the 2255 until this day. This by all standards is per se case of ineffective assistance of counsel. " A movant attempting to show that Counsel was constitutionally ineffective for failing to file an Appeal, ' must show that Counsel's performance was deficient and that this deficiency was prejudicial to him." **Thompson V. United States 504 F. 3d 1203, 1206 ( 11th Cir. 2007).** The circuit has held that Counsel acts deficiently when he disregards specific instructions from the defendant to file a notice of appeal. The Supreme Court held the same standard in the case of **Roe V. Flores-Ortega, 528 U.S. 470, 477, 145 L.Ed 2d 985 (2000).** When a defendant instructs her counsel to file an appeal, and no appeal is filed, prejudice is presumed." **Daniels V. United States, 2017 U.S. App. Lexis 26956 ( 11th Cir. 2017).** Therefore, movant does not expect any opposition from the government in this case where Mr. Petruzzi took movants money and victimized him by failing to file movants 2255 motion until the statutory time expired.

Movants sentencing attorney Ms. Figueroa-Contreras was so ineffective that she did not show movant acopy of the Presentence Investigative report. She never discussed it. She did not file any objection and at sentencing, she failed to object to any of the contents of the PSR. Thus, the prosecution had a field day. All the figures the prosecution wanted were accepted without any question or challenge. To the extent that Movant who is by all standards a minor player got a higher jail time than

2

his co-defendant who was at the head of the indictment and who actually was the main actor as shown by the government's proffer.

Counsel's performance was so poor that movant was enhanced with 2 level points for leadership, where he played a minor role. Moreso, the conspiracy charge was only two participants, so how could movant be a leader Who was he leading or who did he supervise.? These are questions the sentencing counsel failed to ask. That failure to test prosecutions case resulted in higher sentence to the movant. Thus, movant suffered direct and discernible prejudice as a result of counsels ineffectiveness.

In light of the foregoing, movant prays this Court to grant his motion holding that these Counsel's were ineffective in the various roles they played in this case and that movant suffered prejudice as a result of the failure of his attorneys to properly represent him.

DATED: FOLKSTON, GEORGIA
       NOVEMBER 14, 2018.
RESPECTFULLY SUBMITTED

------------------------
ABDUL PIERRELUS
B.O.P. # 09826-104
D. RAY JAMES CORRECTIONAL FACILITY
P.O. BOX 2000
FOLKSTONE, GEORGIA 31537.

3

## ATTORNEY'S FEE AGREEMENT

PAUL D. PETRUZZI, P.A. (hereinafter referred to as "Attorney") agrees to represent Abdul Pierrelus, (hereinafter referred to as "Client") in connection with *United States v. Abdul Pierrelus*, Case No. 17-Cr-20081-Moore.

Client and undersigned Guarantor agree to compensate Attorney PAUL D. PETRUZZI, P.A., the sum of $15,000.00, for representation in **either** a motion for reduction based on his cooperation pursuant to Rule 35 of the Federal Rules of Criminal Procedure or a Motion to Vacate his Conviction and Sentence pursuant to 28 U.S.C. § 2255. The parties agree that after counsel has a conversation with the Client, the Client must decide in writing his choice to either pursue a Rule 35 or a Motion to Vacate (pursuant to 28 U.S.C. § 2255). This will supplement the fee agreement. Client, undersigned Guarantor, and Counsel agree that at the signing of this agreement, a payment of $7,500.00 will be made. Thereafter, the parties agree that monthly payments of at least $1,000.00 a month shall be due on the 18th of every month starting in November of 2017. **The parties agree that if timely payments are not made pursuant to this agreement, that Attorney may withdraw from this matter.**

Client and undersigned Guarantor acknowledge that Attorney incurs certain expenses in setting up a new client file; therefore, even if the client discharges Attorney, the entire fee shall be non-refundable.

Client and undersigned Guarantor shall be responsible for all out of pocket expenses incurred by Attorney in addition to the legal fees herein. These may be for court costs and fees, a process server, witness fees, court reporters, videographers, transcripts and investigations costs. The Attorney will discuss the incurrence of these costs prior to obligation of the Client and undersigned Guarantor for such expenses. The Client will make a deposit of $5,000.00 into the Attorney's trust account for these expenses.

If any monetary request by Attorney is not paid within 15 days of receipt by the Client and undersigned Guarantors, it shall bear interest at the rate of 12% per year, from the 15th day until paid. If the Attorney commences litigation to collect any sums due, he shall be entitled to compensation from the Client and undersigned Guarantors at the rate of $500.00 per hour for such litigation.

Any fines or court costs assessed against the Client by the court are the sole responsibility of the Client.

The Client shall promptly advise the Attorney if he receives any written or oral communication from the Court or anyone else concerning his case.

-1-

This document contains the entire agreement between the parties and may be modified only in writing. This document supersedes any oral discussions or representations with respect to the issues contained herein.

This agreement shall be governed by the laws of the State of Florida. Venue shall be proper in Miami-Dade County, Florida for any action hereunder.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this 19th day of October, 2017.

PAUL D. PETRUZZI, P.A.

By: _____          _____
       Paul D. Petruzzi, Esq.                    Abdul Pierrelus
                                                 Client

                                      _____
                                      Lourdjine Jadotte
                                      Guarantor

-2-