```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CV-24996-MOORE
                                      (17-CR-20081-MOORE)
                              MAGISTRATE JUDGE P.A. WHITE
```

ABDUL PIERRELUS,

    Movant,

v.                                                REPORT OF
                                            MAGISTRATE JUDGE
UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. INTRODUCTION

This matter is before the court on movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. § 2255, which attacks the constitutionality of his conviction and sentence in case no. **17-20081-Cr-Moore**.

This case has been referred to the undersigned for consideration and report. Cv-DE#2.[1] The undersigned has reviewed the entire record in this case, as well as the relevant records from the underlying criminal case.[2] As discussed below, movant's motion should be **DISMISSED** as untimely.

---

[1] The citation format "Cv-DE#()" refers to docket entries in this § 2255 case. By contrast, the citation format "Cr-DE#()" refers to docket entries in the underlying federal criminal case.

[2] Courts may consider "the record of prior proceedings" to rule on a § 2255 motion. See Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (courts must review "the files and records of the case").

1

## II. BACKGROUND

On March 29, 2017, in the underlying criminal case, movant signed a plea agreement in which he agreed to plead guilty to counts 1 and 5 of the indictment. Cr-DE#37 at 1.[3] Count 1 charged movant with conspiracy to fraudulently use unauthorized access devices. Id. Count 5 charged movant with aggravated identity theft. Id.

The court sentenced movant and entered judgment on June 1, 2017. The court imposed a total term of 54 months' imprisonment. Cr-DE#52 at 2. This term consisted of 30 months on count 1 and a consecutive term of 24 months on count 5. Id. Movant did not appeal.

On November 14, 2018, movant filed the instant § 2255 motion. Cv-DE#1 at 12. Movant asserts the following claims: (1) trial counsel ineffectively allowed him to plead guilty without knowledge of the loss amount that the government claimed; (2) trial counsel ineffectively failed to object to the loss calculation in the PSI; (3) trial counsel ineffectively failed to object to a two-point enhancement for being a leader; and (4) supposed collateral counsel ineffectively failed to timely file the instant § 2255 motion. Id. at 4-8; see also Cv-DE#3.

Movant acknowledges that he filed his § 2255 motion more than one year after his judgment of conviction became final. Cv-DE#1 at 10. But movant contends that, on October 19, 2017 (i.e., several months before the statute of limitations expired), he

---

[3] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

hired attorney Paul Petruzzi to file a § 2255 motion. Id. at 6. Furthermore, movant contends that Petruzzi "failed and/or neglected to file any of the motions stated in the retainer agreement as agreed to by the parties." Id. Thus, movant contends that Petruzzi ineffectively failed to file a § 2255 motion, and that this failure excuses the untimeliness of his § 2255 motion. Id. at 6, 10; Cv-DE#3 at 2-3, 5.

Movant submits a document titled "attorney's fee agreement" in an attempt to substantiate this claim. Cv-DE#3 at 7. Pertinently, this document states that movant and his guarantor agreed pay Petruzzi $15,000 "for representation in either a motion for reduction based on his cooperation pursuant to Rule 35 of the Federal Rules of Criminal Procedure or a Motion to Vacate his Conviction and Sentence pursuant to 28 U.S.C. § 2255." Id. However, movant did not sign this document. Id. at 8.

### III. **STANDARD OF REVIEW**

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994) (citation omitted); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) (per curiam) ("Rule 4(b) of [§] 2255 allows the district court to summarily dismiss the motion . . . if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

3

relief[.]"). In reviewing a motion under Rule 4, courts must construe it liberally. See Enriquez v. Fla. Parole Comm'n, 227 F. App'x 836, 837 (11th Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## IV. ANALYSIS

Pertinently, 28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final[.] . . .

Here, the district court entered movant's judgment of conviction on June 1, 2017. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the judgment became final fourteen days later on June 15, 2017. See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011); Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, movant did not file the instant motion until November 14, 2018. Therefore, because movant filed his motion almost one year and five months after his judgment of conviction became final, the motion is untimely.

The court rejects movant's argument that Petruzzi's allegedly ineffective failure to timely file a § 2255 motion excuses the untimeliness of the instant § 2255 motion. Defendants have "no constitutional right to counsel in [a] § 2255 proceeding[.]" Saunders v. United States, 380 F. App'x 959, 964

4

(11th Cir. 2010) (per curiam); accord United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). As a result, a § 2255 movant "cannot claim that he was denied effective assistance of counsel [based on counsel's performance in connection with a § 2255] proceeding." See Saunders, 380 F. App'x at 964 (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991)); see also Angelone, 894 F.2d at 1130.

Notably, Petruzzi did not represent movant in the underlying criminal case. See generally Case No. 17-20081-Civ-Moore. Furthermore, movant does not allege, and the record does not reflect, that movant hired Petruzzi to file a direct criminal appeal. Thus, this is not a case where Petruzzi represented movant yet failed to file a requested notice of appeal. See Gomez-Diaz v. United States, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). Moreover, although movant cites the purported fee agreement between him and Petruzzi to bolster his claim that Petruzzi agreed to file a § 2255 motion, movant did not sign it.

Movant has not requested equitable tolling. Even had he done so, he would not be entitled to it.

Section 2255 is subject to equitable tolling. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000). But equitable tolling is proper only if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due

5

diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); see also Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory." (citation omitted)).

Here, movant has not pleaded specific facts to support any inferred request for equitable tolling. Outside of the unadorned assertion that Petruzzi failed to file a § 2255 motion that Petruzzi allegedly agreed to file, movant has made no effort to explain how he pursued his rights diligently or how extraordinary circumstances prevented him from filing his motion sooner. Indeed, absent any facts indicating that there was some earlier impediment to filing, the fact that movant filed his motion, however tardily, suggests that he could have filed it earlier. And it bears emphasis that "an attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes[.]" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1237 (11th Cir. 2017).

In short, equitable tolling is inappropriate. Consequently, movant's motion should be dismissed as untimely.

## V. EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" See 28 U.S.C. § 2255(b). In short, the preceding discussion conclusively shows that movant's arguments against untimeliness are "patently frivolous." See Holmes v. United States, 876 F.2d 1545, 1553

6

(11th Cir. 1989).

## VI. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Id. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, in view of the entire record, the court denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court.[4]

---

[4] "If the district court considers the timeliness of the [habeas] petition *sua sponte*, it must give the [petitioner] 'fair notice and an opportunity to present [her] position[].'" Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 623 (11th Cir. 2015) (per curiam) (quoting Day v. McDonough, 547

## VII. **RECOMMENDATIONS**

Based on the foregoing, it is recommended:

1. That movant's § 2255 motion (Cv-DE#1) be **DISMISSED**, with prejudice, as untimely;

2. That no certificate of appealability issue; and

3. That judgment be entered and the case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 148-53 (1985); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 4th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

U.S. 198, 210 (2006)). This report and recommendation serves as fair notice. Cf. Fharmacy Records v. Nassar, 465 F. App'x 448, 458 (6th Cir. 2012) (per curiam); Ferreira-Plasencia v. Ruginski, 34 F. App'x 3, 4 (1st Cir. 2002) (per curiam). Furthermore, if he feels that his motion is timely and/or that an exception to §2255(f)'s time bar applies, he will have an opportunity to present his position in any objections to this report. See Manzini v. The Fla. Bar, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

```
Copies furnished:

Abdul Pierrelus
09826-104
D. Ray James
Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
Folkston, GA 31537
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov
```