UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-CV- 24996-MOORE
(17-CR-20081-MOORE)

FILED BY __PG__ D.C.

FEB 05 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ABDUL PIERRELUS
   MOVANT,

V.

UNITED STATES OF AMERICA
   RESPONDENT

PETITIONER's OBJECTION TO THE MAGISTRATE JUDGE's REPORT
AND RECOMMENDATION

BY   ABDUL PIERRELUS
      B.O.P. # 09826-104
      D. RAY JAMES CORRECTIONAL FACILITY
      P.O. BOX 2000
      FOLKSTON, GA. 31537

DATED: JANUARY 28, 2019.

## OBJECTION TO MAGISTRATE's REPORT
## DATED DECEMBER 4, 2018

**SUMMARY:** This is a 28 U.S.C. §2255 petition, filed by Abdul Pierrelus, acting pro se. After sentence, Movant promptly retained counsel, Paul Petruzzi Esq. to file a §2255 petition and any other relevant post-conviction motion. Petruzzi took the money and did nothing. Meanwhile, the one year limitation time for filing of §2255 expired, with Petruzzi assuring and reassuring movant that he is in touch with the Assistant United States Attorney, who, supposedly , is his friend. By the time movant realized that Counsel was not being truthful, it was too late. Nevertheless, he filed this pro se petition out of time, principally because of Petruzzi's deceit. He attached the retainer agreement to his moving papers. Without permitting the government to respond, the magistrate judge sua sponte, recommends summary dismissal of the Petition as untimely. Petitioner objects to the Magistrate's report because it is premised on factual and legal errors.

**FACTUAL ERRORS:** At page 3, the report states " Movant did not sign this document" refering to the retainer agreement between hired counsel and Movant. The learned magistrate fails to note that the two page retainer was signed by Mr. Paul Petruzzi and **Lourdjine Jadotte,** as guarantor on behalf of movant. Ms. Jadotte paid the initial sum of $7,500 to Paul Petruzzi, esq. At P. 5, of his report, the Magistrate repeats and realleges that " Movant did not sign it ". Repetition, in context, generally makes for emphasis. This emphasis that " Movant did not sign it" was a key factor in shaping the Magistrate's Report in this matter. But, that is unfortunate. It is a known fact, that, movant was and still is incarcerated at D. Ray James Correctional Facility, Folkston, Georgia, at all material times. Counsel's office is located in Miami, Florida. Movant's , wife paid the retainer and signed the agreement. Does that in any way take something away from the authenticity of the document or does the fact that movant did not personally sign the agreement, nullify its effectiveness? The

1

answer is, NO. Yet, the Magistrate was convinced that something nefarious must be going on, simply because Movant did not personally sign the agreement. Here, now Movant attached an affidavit from MS. Jadotte to proof that she is a real person and that her signature and payment is real. Exh. "A". No court of record had been known to frown at a spouse or family member signing a retainer agreement on behalf of an inmate.

Moreso, movant's complaint here, is not the first time counsel Paul D. Petruzzi is accused by a defendant of " dropping the ball". In **United States V. Hernandez, 2018 U.S. App. LEXIS 21290 (11th Cir. 2018)** Hernandez in his motion argued that his counsel **Petruzzi** " dropped the ball" on appeal by failing to file a reply brief. He also contends that Petruzzi has provided ineffective assistance of counsel at sentencing and on appeal." Therefore, movant should be believed that he may not be making up anything in this petition. Movant requests a hearing in open Court where the truth of his allegations can be put to the test.

**STANDARD OF REVIEW**

The judge has power to " modify or set aside any part of [ a Magistrate Judge's Order] that is clearly erroneous or is contrary to law." Fed. R. Civ. P.72(a). The District Court's power to review a Magistrates's Report and Recommendation ( hereinafter "R & R") is further iterated under 28 U.S.C.§636. In 28 U.S.C.§636(b)(I)(c), the statute mandates a De Novo Review. This structure of review is constitutionally permissible because the district court retains " total control and jurisdiction" and " exercises the ultimate authority to issue an appropriate order." **Thomas V. Arn, 474 U.S. 140, 153, 88 L.Ed 2d 435 (1985).** In **Samples V. Ballard, 860 F3d 266, 271-75 (4th Cir. 2017)**( if the habeas Corpus petitioner, objects to the Magistrate's report and recommendation, thereby invoking right to de novo review of issues resolved by magistrate judge, district Court must consider even argument's that the petitioner raised for the first time in objection, if argument " could have [been] raised before the magistrate). After its review, the need for the district judge to make a proper statement of findings and reasons fit for appellate review was emphasized in the case  **Cruz V. Marshal, 673 Fed. Appx. 296, 297-99 (4th Cir. 2019)**( Vacating district Court's denial of habeas Corpus petition " because the district Court failed to properly consider petitioner's objection to the magistrate's Report and Recommendation and provide an adequate rationale for its decision.")

**OBJECTION TO REPORT AND RECOMMENDATION**

**1. Magistrate Failed to Consider the effect of  28 U.S.C.§2255(f)(4) in his Analysis:** This is a case where movant had paid, retained an attorney who promised him that he was talking to the United States Attorney on the file in an effort to

3

secure a reduction of movant's sentence and that if the discussion fails, counsel will file the necessary papers for a §2255 habeas petition. Movant who is incarcerated has to depend on family members to track down the attorney who in most cases was not returning his calls. It was in the month of October 2018, that Movant discovered that counsel did not file the §2255 petition as promised. Movant discovered this by having a friend who is not in prison check the PACER for him. The friend advised him that no motion was ever filed by Mr. Petruzzi. There and then movant secured the services of another inmate who then assisted him to write the Petition at bar. Thus, movant filed his §2255 petition within one month (1) of discovering that his retained attorney had been dishonest and had deceived him.

28 U.S.C.§2255 (f) provides:
(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of :
(4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence.

In **Holland V. Florida, 560 U.S. 631, 177 L.Ed 2d 130 (2010)** " We have not decided whether AEDPA's statutory limitations period may be tolled for equitable reasons...... Now, like all 11 Courts of Appeals that have considered the question, we hold that 2244(d) is subject to equitable tolling in appropriate cases." " A statute of limitations defense .... is not jurisdictional. " **Day V. McDonough, 547 U.S. 198, 205, 164 L. Ed 2d 376 (2006)**( " It does not set forth an inflexible rule requiring dismissal whenever its clock has run") Therefore, it goes without argument that equitable tolling is applicable to the case at bar, within the anticipation of §2255.

But in this case, movant's petition is timely, having been made within one (1) month of discovering the deceit of his post-conviction counsel. §2255(f)(4).
" For this provision to apply, a petitioner's diligence must merely be 'due' or ' reasonable' under the circumstances." **Starns V. Andrews, 524 F.3d 612, 619**

(5th Cir. 2008). " Diligence can be shown by prompt action on the part of the petitioner as soon as he or she is in position to realize that he or she should act." **Johnson V. United States, 544 U.S. 295, 308, 161 L.Ed 2d 542 (2005)**(" In applying 2255(f)(4), ' the important thing is to identify a particular time when diligence is in order." id) Thus, it is indisputable that petitioner was within his statutory time to file this §2255 motion when he did. Within one month of learning of the attorney's deceit and dishonesty, petitioner acted pro se and filed this petition. In **Moore V. Knight, 368 F.3d 936, 938 (7th Cir. 2004)** the Court held that defendant was not " dilatory " in his investigation of the judge's ex parte communications, particularly given that " 28 U.S.C. 2244 does not require the maximum feasible diligence" but only " due, or reasonable diligence.") Citing **Wims  V. United States, 225 F.3d 186, 190 n.4(2d Cir. 2000).** Moreso, the First Circuit had held in **Wood V. Spencer, 487 F.3d 1, 5 (1st Cir. 2007 )** that the " test of due diligence under section 2244(d)(1)(D) is objective not subjective....").

    Movant's counsel was dishonest and deceitful. He actions epitomize bad faith in that , he took movant's money and failed to keep his end of the bargain. As movant's attorney, Petruzzi is in a fiduciary relationship with movant and as such his actions are indicative of a text book definition of bad faith. Counsel specifically was retained and paid to file a §2255 petition (See Retainer agreement), he lied to movant that he is in negotiation with the U.S attorney to secure a quick reduction of movant's sentence, which is the sole purpose of the §2255 petition. He promised movant that if his negotiations fail, he will immediately file a §2255 petition. As movant has now come to know, Petruzzi neither negotiated with the U.S. Attorney nor filed the §2255 petition. He did not even enter an appearance in the case. Yet he kept movant's $7,500 deposit and avoided all contacts with movant and his family. A hearing will be necessary in this case to plumb the depths of Petruzzi's unprofessional actions and damaging malfeasance in this matter. " And in this case the failures seriously prejudiced a client who thereby lost what was likely his

5

single opportunity for federal habeas review of the lawfulness of his imprisonment." **Holland V. Florida supra.**

2. **MAGISTRATE' COMPLETELY MISSED THE MARK:** Even though the Magistrate, stated the proper standard of review, principally by stating that " In reviewing a motion under Rule 4, Courts must construe it liberally." Citing **enriquez V. FLA. Parole Comm'n, 227 F.App'x 836, 837 ( 11th Cir. 2007)**(Cting **Haines V. Kerner, 404 U.S. 519, 520 (1972)),** he was anything but liberal in his approach to the instant petition. The magistrate disbelieved the retainer agreement with Petruzzi simply because movant who was and is still incarcerated when Petruzzi was retained, did not sign the document. Overlooking the facts of the petition which on its face should trigger an inquiry into the applicability of §2255(f)(4), the Magistrate introduced and directed the Court to a tenuous discuss of " equitable tolling" which even if argued is of no avail to movant's case. Without such redherring, the Court sua sponte would have raised the issue of the applicability of the " Statutory tolling" enshrined as §2255(f)(4). Therefore, the Court should find itself within its judicial confines to review movant's petition under the provisions of §2255(f)(4). After all, just as an appellate Court can affirm under any theory disclosed by the record on appeal, the district judge can accept and review matters not considered in the magistrates R & R. The Fed. R. Crim. P. 58 (g)(2)(D) provides that the district Court's review of magistrate judge's judgment " is the same as in an appeal to the court of appeals from a judgment entered by a district judge."). Furthermore, 28 U.S.C.§636(b)(1)(c) provides that once the district judge has concluded de novo review, the district judge " may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate judge . The judge may also **receive further evidence** or recommit the matter to the Magistrate judge with instructions." See **United States V. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981); Samples V. Ballard, 860 F.3d 266, 271-75 (4th Cir. 2017)**(if the habeas Corpus petitioner objects to the magistrate's report and recommendation, thereby invoking

6

right to de novo review of issues resolved by the Magistrate judge, district Court **must consider** even argument's that petitioner raised for the first time in the objection, if argument " could have [been] raised before the magistrate). Here movant raises the applicability of §2255(f)(4) to his case. Although not specifically raised in his petition, but the underlying facts were fully laid out in the petition. The main supporting evidence- the retainer, was attached to the petition. Thus, the Court will find it comfortable to address this issue at this point.

It will amount to an unmitigated travesty of justice, for the Court not to see the egregiousness of counsel's action in this case. As the Supreme Court stated in **Holland V. Florida, 560 U.S. 631, 177 L.Ed 2d 130 (2010)** " A group of teachers of legal ethics tells us that these various failures violated fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement client's reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client." The Second Circuit also, solomonically opined " although we have previously found reasonable diligence when attorneys ignored their clients' express instructions to file habeas petitions ....., plainly no one is born with an understanding of habeas corpus and its deadlines." **Martinez V. Superintendent of Eastern Corr. Fac., 806 F.3d 27 (2d Cir. 2015).**

It is instructive to note that the Magistrate judge's concern that movant did not sign the attorney's retain is of no moment. The Second Circuit Court of Appeal has dealt with a similar case and was not concerned that, it was the wife and not the petitioner that retained the lawyer. See **Baldayaque V. United States, 338 F.3d 145 (2d Cir. 2003)**( Here, " the inmate's wife hired an attorney to file a §2255 petition.")

### THE MAGISTRATE DID NOT MAKE A FINDING THAT THE PETITION IS FRIVOLOUS

The magistrate could not conclude that petitioner's case is frivolous as to warrant automatic dismissal. Rather, he premised his ruling on " timeliness" of the

7

petition. However, the movant notes that his petition has merit and substance. As the Supreme Court has intsructed, a defendant is entitled to effective assistance of counsel at all " critical stages of a criminal proceeding." " " There exists a right to counsel during sentencing in both capital and non capital cases. Even though sentencing does not concern a defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in prejudice because any amount of additional jail time has Sixth Amendment significance." **Lafler V. Cooper, 566 U.S. 156, 182 L.Ed 2d 398 (2012).**

In light of the foregoing, movant prays this honorable Court to reject the Magistrate's recommendation and grant such further Orders as the Court deems just in the circumstance.

DATED: FOLKSTON, GEORGIA
JANUARY 28, 2019.

RESPECTFULLY SUBMITTED

_____
ABDUL PIERRELUS
B.O.P. # 09826-104
D. RAY JAMES CORRECTIONAL FACILITY
P.O. BOX 2000
FOLKSTON, GA. 31537


CERTIFICATE OF SERVICE

I. **ABDUL PIERRELUS** hereby certify under penalty of perjury, pursuant to 28 U.S.C.§1746, that on January 28, 2019, I served a copy of the OBJECTION upon the government by mailing a same by U.S. first class postage prepaid and addressed to

> BRIAN JAY SHACK, AUSA
> UNITED STATES ATTORNEYS OFFICE
> 99 N.E. 4th Street, OFFICE 630.
> MIAMI, FL. 33132.

dated: JANUARY 28, 2019.

_____
ABDUL PIERRELUS

8

Exhibit "A"

NOTARISED STATEMENT

January 22, 2019

My name is Lourdjine Jadotte spouse of Abdul Pierrelus. This letter will serve to confirm that I signed attorney agreement on October 19, 2017. Made a payment for $7500.00. Paul Petruzzi agreed to represent my husband Abdul Pierrelus to vacate his sentence motion 2255.

Sincerely yours,

*Lourdjine Jadotte*
Lourdjine Jadotte

MAYBEL FERNANDEZ RODRIGUEZ
Notary Public - State of Florida
Commission # GG 012351
My Comm. Expires Jul 17, 2020

*Maybel Fernandez Rodriguez* 1/23/2019

ABDUL PIERRELUS
B.O.P. #09826-104
D. RAY JAMES CORRECTIONAL FACILITY
P.O. BOX 2000
FOLKSTON, GA. 31537

7017 2400 0000 9479 3200

CERTIFIED MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE, ROOM 8
MIAMI, FL. 33128.



D. Ray James Prison
Hwy 252 - P.O. Box 2000 - Folkston, GA 31537

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility/center has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return enclosure to the above address."

JAN 29 2019