UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-24996-KMM

ABDUL PIERRELUS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Abdul Pierrelus' Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ("Mot.") (ECF No. 1). The Court referred the matter to the Honorable Patrick A. White, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be dismissed as untimely. ("R&R") (ECF No. 5). Movant filed objections. ("Objections") (ECF No. 10). The matter is now ripe for review. For the following reasons, the court DECLINES TO ADOPT the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" in order to warrant *de novo* review. *Id.*

On March 29, 2017, Movant signed a plea agreement in which he agreed to plead guilty to conspiracy to fraudulently use unauthorized devices and aggravated identity theft. R&R at 2. On June 1, 2017, the Court sentenced Movant to 54 months' imprisonment, which Movant did not appeal. *Id.* On November 14, 2018, Movant filed the instant § 2255 Motion. Movant acknowledges that he filed his § 2255 motion more than one year after his judgment became final but argues that the failure to file a timely motion was a result of a failure by Movant's hired attorney, Paul D. Petruzzi. Mot. at 6.

Magistrate Judge White recommended the Court dismiss the Motion as untimely. R&R at 8. Magistrate Judge White found that, while Movant alleged to have hired an attorney, Movant did not sign the contract with the attorney. *Id.* at 3. Magistrate Judge White further found that Movant did not request equitable tolling, and even if he had, he would not be entitled to it because Movant has not demonstrated that he (1) pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 4–5.

In his Objections, Movant contends that both Mr. Petruzzi and Movant's wife, acting as guarantor on behalf of Movant, signed the retainer agreement and that Movant paid Mr. Petruzzi an initial sum of $7,500 to file the § 2255 motion. Objections at 1, 10. Movant further states that he did not learn Mr. Petruzzi had failed to file the motion until October 2018 and Movant filed the instant Motion only one month after learning this. *Id.* at 4.

While attorney negligence may not be an extraordinary circumstance, the Eleventh Circuit has found that "some other professional misconduct" may be enough. *See Cadet v Fla. Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017). Here, Movant specifically retained Mr. Petruzzi to file a § 2255 motion. Mot. at 10, Declaration in Support of Motion ("Decl. in Support of Mot.") (ECF No. 3) ¶ 7. Movant hired Mr. Petruzzi in October 2017, well before the expiration of the

statute of limitations, and paid him a $7,500 retainer. Decl. in Support of Mot. ¶ 7. Movant argues that Mr. Petruzzi did not return his calls, "avoided all contacts [sic] with [M]ovant and his family," and lied to Movant about alleged negotiations with the U.S. Attorney. Objections at 4–5. Movant only learned of Mr. Petruzzi's failure to file a § 2255 motion when he asked a friend to check PACER. *Id.* at 4. The exact amount of diligence Movant undertook is unclear from the record, but "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citation and quotation marks omitted).

Despite these arguments, Magistrate Judge White recommended that Movant is not entitled to an evidentiary hearing because Movant's "arguments against untimeliness are patently frivolous." R&R at 6. However, as discussed above, the Court finds that Movant's arguments against untimeliness are not patently frivolous and Movant has alleged sufficient facts that, if true, would entitle him to equitable tolling. *See Winthrop-Redin v. United States,* 767 F.3d 1210, 1216 (11th Cir. 2014) ("A [§ 2255] petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief.") (internal quotation marks and citation omitted). While Magistrate Judge Reid[1] may ultimately find that Movant did not exercise sufficient diligence in following up with Mr. Petruzzi, Movant is entitled to further proceedings to determine whether he is entitled to equitable tolling.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Court DECLINES TO ADOPT Magistrate Judge White's R&R. It is further

---

[1] On January 3, 2019, this case was reassigned to Magistrate Judge Lisette M. Reid. (ECF No. 9).

ORDERED that Magistrate Judge Reid shall hold an evidentiary hearing on the issue of the timeliness of Movant's motion and whether equitable tolling should apply.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st  day of June, 2019.

                                                K. MICHAEL MOORE
                                                UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record