UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 18-24996-CV-MOORE
(17-20081-CR-MOORE)
MAGISTRATE JUDGE REID

ABDUL PIERRELUS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **PRETRIAL NARRATIVE STATEMENT[1]**

Petitioner, Abdul Pierrelus, through undersigned counsel, files the instant Pretrial Narrative Statement:

### A.    **General Statement of the Case**

Mr. Pierrelus was charged with conspiracy to access device fraud and aggravated identity theft. He pled guilty to both counts and was sentenced to imprisonment for 54 months on June 1, 2017. Mr. Pierrelus did not appeal his criminal matter. As such, any petition to vacate his sentence pursuant to 28 U.S.C. § 2255 had to be filed by June 1, 2018.

Mr. Pierrelus was not satisfied with his trial lawyer's performance. He was not provided a copy of his PSI to review prior to his sentence and his trial lawyer did not file any objections on his behalf. Mr. Pierrelus did not seek a direct appeal. Instead, he hired Mr. Paul Petruzzi to pursue a habeas petition. Mr. Petruzzi suggested that Mr. Pierrelus pursue cooperation with the government first, since he felt that held more promise than filing a habeas petition. In early

---

[1] This pretrial narrative is filed under seal because it contains references to cooperation in matters that still may be current.

November 2018, Mr. Pierrelus's wife Lourdjine Jadotte, executed a retainer agreement with Mr. Petruzzi, engaging him to either seek a Rule 35 sentence reduction or file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

There is evidence that Mr. Petruzzi attempted to engage the government in pursuing cooperation. However, while that process was underway, Mr. Pierrelus became doubtful that his efforts at cooperation would bear fruit. At some point Mr. Pierrelus informed Mr. Petruzzi by letter that he no longer wished to pursue cooperation, and instead wanted Mr. Petruzzi to pursue a habeas petition. By letter dated October 1, 2018, Mr. Petruzzi informed Mr. Pierrelus that the time to file his habeas petition had passed and that based on Mr. Petruzzi's legal analysis, no equitable tolling would excuse a late filing. Mr. Pierrelus then proceeded to file a motion to vacate his sentence *pro se*.

**B.     Mr. Pierrelus's Anticipated Testimony**

Mr. Pierrelus will testify that, with the assistance of his wife, he hired Mr. Petruzzi to either pursue a Rule 35 sentence reduction or file a motion to vacate his sentence. Mr. Petruzzi began to negotiate with the government to obtain a Rule 35 sentence reduction. However, at a certain point, Mr. Pierrelus felt it was fruitless to pursue cooperation and sent Mr. Petruzzi a letter requesting that he instead file a petition to vacate his sentence. He did not discover that Mr. Petruzzi failed to do so until he received a letter from Mr. Petruzzi dated October 1, 2018. Thereafter, Mr. Pierrelus filed the instant petition to vacate his sentence *pro se*.

**C.     Exhibits**

1.     Retainer agreement between Mr. Pierrelus and Mr. Petruzzi.
2.     Emails between Mr. Petruzzi and prosecutor re potential cooperation of Mr. Pierrelus.
3.     Text messages between Mr. Petruzzi and Ms. Jadotte.
4.     Table of telephone calls from prison between Mr. Pierrelus and Mr. Petruzzi.

5. Undated letter from Mr. Pierrelus to Mr. Petruzzi.

6. Letter dated October 1, 2018 from Mr. Petruzzi to Mr. Pierrelus.

Copies of the exhibits are attached as exhibit A of this filing.

**D.  Witnesses**

Mr. Pierrelus will testify on his own behalf. Ms. Jadotte may also testify on Mr. Pierrelus's behalf.

Respectfully submitted,

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Suite. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: _____
Orlando do Campo
Florida Bar No. 0156582
od@dandtlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2019, I served Assistant United States Attorney Frank Tamen via email at frank.tamen@usdoj.gov.

_____
Orlando do Campo