UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24996-CV-MOORE
(17-20081-CR-MOORE)
MAGISTRATE JUDGE REID

ABDUL PIERRELUS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## GOVERNMENT'S PRE-TRIAL NARRATIVE

### Statement of the Case

Movant Abdul Pierrelus was indicted on January 27, 2017, on charges involving access device fraud. In essence, he and his accomplices used other people's social security numbers and names to fraudulently obtain money from unemployment compensation funds and from debit card accounts. On March 15, 2017, attorney Kristin Figueroa-Contreras appeared as his counsel, substituting for Jason Kreiss.

On March 29, 2017, movant pled guilty. He was sentenced on June 1, 2017 to a total of 54 months imprisonment. His counsel and the Government both recommended 30 months, the low end of the applicable guideline range on one count, and the mandatory two-year consecutive sentence on the other count. Movant verbally expressed his remorse at sentencing, but did not offer any objection to the proceeding or sentence (D.E. 72 in criminal case). He did not appeal.

On November 29, 2018, twenty months after being sentenced, movant filed the instant 2255 petition to vacate his sentence. His basic claims were that his counsel at sentencing had not objected to a leadership enhancement in his guidelines calculations, and had not challenged the amount of loss, which was also the restitution figure. However, he provided no countering information that suggested why the amount used by the court was not accurate or why some lesser amount would have been more appropriate.

Initially, the assigned magistrate judge recommended that the petition be denied because it was untimely. The district judge overruled this recommendation, based on movant's claim that he had hired Paul Petruzzi, Esq., to file a 2255 petition well before the statute of limitations had expired, and was unaware, until too late, that Mr. Petruzzi had failed to do so. He asserted that this failure had denied him effective representation, and that he was therefore entitled to equitable tolling of the statute of limitations.

The 2255 petition has been submitted to a new magistrate judge (the original magistrate has retired) for the specific purpose of determining whether equitable tolling should be applied to afford movant relief from the statute of limitations.

**Standard of Review**

Movant can prevail against procedural default only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010), quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Holland noted that a "'garden variety claim' of attorney negligence" would not constitute extraordinary circumstances. In contrast, multiple attorney failures that "violated fundamental canons of professional responsibility" may provide a basis for

relief from untimeliness.

Hence, this court is tasked with determining whether movant exercised "reasonable diligence" in looking out for his own rights, and whether, despite his diligence, extraordinary circumstances prevented him from submitting a timely 2255 petition.

### Relevant Facts

Movant hired Paul Petruzzi in October, 2017, to represent him in post-conviction matters. However, he did *not* hire Mr. Petruzzi to file a 2255 petition. According to the express terms of his written agreement, Mr. Petruzzi was to represent him *either* in an effort to obtain a sentence reduction for cooperation, pursuant to Fed. Rule Crim. Pro. 35(b), *or* in a Motion to Vacate under 28 U.S.C. §2255. (Exhibit A to Movant's <u>Pretrial Narrative Statement</u>.) Moreover, the client (movant) was to signify his choice of measures, in writing, after a conversation with his counsel. As further described below, movant, following his counsel's advice, agreed to pursue the path of cooperation, not the 2255, as the path more likely to be successful. It should also be noted that cooperation was included in movant's plea agreement (D.E. 37, par. 8, in criminal case).

### Witness List and Evidence

The United States intends to call Paul Petruzzi, Esq., 169 East Flagler Street, Suite 1241, Miami, Florida, as its only witness. The exhibits the United States intends to introduce, numbered 1 through 7, are attached to this Narrative. Mr. Petruzzi's testimony is summarized as follows:

When he was retained as counsel, and reviewed the information he had available relating to movant's claims about his sentencing, Mr. Petruzzi concluded that movant had no grounds on which to challenge either his sentence or his prior counsel's performance. However, he did believe

that movant had a reasonable chance of earning a sentence reduction through cooperation with law enforcement. Mr. Petruzzi was well aware that the U.S. Attorney's Office will hardly ever consider accepting cooperation from a defendant who is simultaneously litigating against it, so he advised movant that he had to choose which of those paths to follow. Movant, acting wisely at that juncture chose to cooperate.

Movant had information about others who had been accomplices in his offense, and who had been and possibly still were involved in similar identity theft frauds. Accordingly, Mr. Petruzzi kept in contact with the case prosecutor, proffering the information movant could provide and advocating for its potential value.

In furtherance of his effort to cooperate, on December 6, 2017, movant sent a letter to Mr. Petruzzi (dated 06-12-2017, in European and South American style) which is attached as <u>Government Exhibit 1</u>. Also attached is the envelope, postmarked December 8. In the letter, movant provided information about the accomplice, whom he identifies by name, who had introduced him to identity theft-based fraud. He informed Mr. Petruzzi that he desired to remain a confidential informant against him. Movant also identified a woman who opened bank accounts to perpetrate frauds. Obviously, movant was providing information to be relayed to the Government in an effort to support a Rule 35 motion.

On July 25, 2018, movant sent his counsel a letter, <u>Government Exhibit 2</u>, in which he inquired about his 2255 petition. However, at that time, Mr. Petruzzi had not yet received movant's files from his former counsel. That information was not provided until August 20, 2018, as noted in <u>Government Exhibit 3</u>. In the interim, Mr. Petruzzi contacted movant to explain that he was working on cooperation for him, not a 2255.

4

On October 1, 2018, Mr. Petruzzi sent a letter to movant about his case. This is Document 29-1, page 23, filed as part of movant's Pretrial Narrative. In it, Mr. Petruzzi advised movant that he had not even received movant's file from his prior counsel when the time period available for filing a 2255 had expired [which was June 1, 2018], but even if he could file one, it would have no merit. Mr. Petruzzi advised movant to continue his effort at cooperating with the Government in the letter and in a phone conversation.

On October 10, 2018, movant sent his counsel a letter, which referred to their conversation about his cooperation, Government Exhibit 4. In the letter movant provided additional information about other offenders. Movant's wife, Lourdjine Jadotte, followed up with a text message, Government Exhibit 5, providing contact information for one of the suspects identified in movant's letter. Finally, in an undated letter sent sometime in November, 2018, movant sent counsel yet another letter, Government Exhibit 6, stating it was "to continue with the information I would like to inform you with more people" who were doing business with a previously identified offender.

These letters, and other information provided by text message from movant's wife and included in movant's own Pretrial Narrative exhibits, show that movant had in fact elected to follow his attorney's advice and was concentrating on earning a sentence reduction from cooperation with the Government. It was thus a total surprise to Mr. Petruzzi when movant filed his belated and meritless 2255 petition, essentially ending any chance he had of obtaining a motion for sentence reduction from the Government (See Government Exhibit 7).

## Conclusion

Movant was advised that he had two, mutually exclusive options for relief from his sentence. One was to pursue a 2255 petition. The other was to cooperate with the Government in

the investigation of other offenders. The evidence and testimony will show that he chose the latter course, and was actively providing names of other offenders, descriptions of their criminal activities, and their contact information. While he was doing so, the statute of limitations for filing a 2255 petition expired. This was not because any "extraordinary circumstances" stood in his way to filing his 2255 petition in a timely manner. It was because he made a rational choice between remedies, and was involved in an ongoing cooperation effort when he suddenly changed his mind. No equitable tolling is available to him under these circumstances.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:    s/ Frank H. Tamen
    FRANK H. TAMEN
    Assistant United States Attorney
    Florida Bar No. 0261289
    99 NE 4th Street, Ste. 700
    Miami, Florida 33132
    Tel: (305) 961-9022
    Fax: (305) 536-7213
    Frank.Tamen@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a copy mailed to Abdul Pierrelus, Reg. No. 09826-104, D. Ray James Correctional Institution, Inmate Mail/Parcels, Post Office Box 2000, Folkston, GA  31537.

    s/ Frank H. Tamen
    Frank H. Tamen
    Assistant U. S. Attorney


GOVERNMENT EXHIBIT 1

06-12-2017

Hello Mr Petruzzi, as you told me, I'm writing you to give you information that I Know about Wickenbert Clacema that recently got arrested. But before I begin I would like to let you know that I would like to remain Confidential, so that he doesn't know I'm the one giving information about him. To begin, like I told you before him and I were arrested in 2012 in Fort Myers with another friend of him name Westerb Mompremier for tax fraud. IN 2015 My charge was Vacated in court, but theirs weren't. IN 2015 Wickenbert came to me and introduced me to the Michigan Unemployment Fraud, which is the charge that I'm serving Time for right Now. Mr Wickenbert used to purchase personal information as far as Social Securities, Names and date of birth of individuals in Michigan from an individual name Clauvens Cenor in North Miami FL and another Name Carl in North Miami as well. He also purchased personal information from an online Black Market called UNICC. in order to do the Michigan unemployment Fraud- He Had a woman named Shanica Bell from Fort Lauderdale check other people to open bank accounts, especially Suntrust Bank in other to make the Fraudulent deposits. I know Wickenbert Since 2011, he never had a Job and He purchased a Corner Store in 2016 Under his wife name in Hollywood FL. This is all I can think For Now, If I remember anything else I will Write them down and let you know. Thank You!        Sincerly; ABDul Pierrelus

ABDUl Pierrelus
D. Ray James C.I.
P.O. BOX 2000
Folkston, GA 31537



7017 0190 0000 3576 0345



Mr. Petruzzi Paul
169 E Flagler street Suite 1241

**GOVERNMENT EXHIBIT 2**

689.01
Perrlus (B)

07-25-18

Mr. Petruzzi, How are you doing? I am over here praying God everything will be alright with my 2255 motion. reason I write you this letter, the past year after getting sentence, I feel my conscious is still talking to me about how my lawyer had mishandle my case. I made a lot of mistake and it's now I realize there are certain things I shouldn't have to sign when she did persuade me to do so. I was on a stage like I lost all my good sense and didn't have any control over myself. I don't believe you can make magic, but I truly believe if there is way you can help you will. There are only two kinds of smart people in this world, those who take simple things and make them complicated, to enrich themselves. And there are those who take complicated things and make them simple, to empower and help others. I suggest you to be the second kind of smart guy, which I know you are because the person who did refer you to me, talked good about you. Also, In my opinion I have something I want to point out. In the indictment, the account they used on Count 5 they charge me with aggravated Identity theft which I didn't do no withdraw, it says on November 18, 2015 I attempted to withdraw $245 in cash, account ending in 2346 issued in the name of M.B. and that is the same account that has an amount of $152,385 causing my restitution so high and increase my sentence. I Also attach some documents that I received from my first Attorney Jason Kreiss, where

he pointed out the following about Ms Figueroa-Contreras, my second Attorney. 1- the short period of time I entered the plea after Ms Figueroa-Contreras entered her notice of appearance. 2- the plea agreement and factual proffer were initially negotiated by him (Jason Kreiss). which, I Never had a chance to discuss that matter with Mr Kreiss. Also, I send an email conversation with Jason Kreiss and Mr Brian J Shack consern about the loss amount. It would be great if we can challenge the restitution impose on this case because it will make a big difference on my sentence time.

Sincerely,
Mr. Abdul Pierrelus

ABDUL Porcelus #098264
D. Ray James C.I.
P.O. Box 2000
Folkston, GA 31537

JACKSONVILLE FL 320
31 JUL '18
PM 4 L

Mr. Paul Petruzzi
9101 Biscayne Blvd
Suite A 701
Miami, FL 33138
33138-465575





### Fwd: PIERRELUS, Abdul - Discovery Part 1

**Betty Vazquez** <betty@paulpetruzzi.com>
Mon 8/20/2018 1:15 PM
To: petruzzi-law@msn.com <petruzzi-law@msn.com>

📎 4 attachments (2 MB)
Kicksonley Azema Fraud Account.1.20.17.xlsx; MI Victim Statements.pdf; OP Cable Guy - Prosecution Report.pdf; Report of Interviews.pdf;

Message sent from my mobile device.

Beatriz D. Vazquez, Esq.

Begin forwarded message:

> **From:** lourdjine jadotte <lourdje5@yahoo.com>
> **Date:** August 20, 2018 at 1:07:56 PM EDT
> **To:** Petruzzi Paul <betty@paulpetruzzi.com>
> **Subject: Fwd: PIERRELUS, Abdul - Discovery Part 1**
>
> Good afternoon, here's Abdul Pierrelus discovery I got from his previous attorney. Let me know if you need more documents from him.
> Thank you
> Lourdjine Jadotte
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Kimiko Tejada <Kimiko@figueroa-law.com>
>> **Date:** August 17, 2018 at 11:01:46 AM EDT
>> **To:** Lourdjine Jadotte <lourdje5@yahoo.com>
>> **Cc:** Emilio D'Arce <Emilio@figueroa-law.com>
>> **Subject: PIERRELUS, Abdul - Discovery Part 1**
>>
>> Good Morning Mrs. Jadotte,
>>
>> As per requested, our office will be sending you the discovery portion of the file for PIERRELUS, Abdul. Please keep in mind the files are very large, therefore you will get a total of **six** emails. Each one will contain a zip file,

689.01(B)

**GOVERNMENT EXHIBIT 4**

October 10, 2018

Hi Mr. Petruzzi,

I write regarding our phone conversation about my cooperation. I pray this letter can serve me a purpose. You told me, you were going to talk to a different agent about this matter, this would be great. As I told you, I've known Ms Shanisa Bell from Mr Clacema Wickenbert for quite a while. She used to do a lot of transactions for Mr Clacema which I know about and she got indicted on the same day as me but never get arrested, and after she moved to Jacksonville with her boyfriend. I don't know the address she moved to, but I know she still has family in Ft. Lauderdale Florida. I have this guy name Steven Michel. He's from the same city we are all from in Haiti I'm talking about. Mr Clacema, Mr Kicksonley Azema my co-defendant and I, we're all got arrested and this guy is still out there. He opened a lot of debit card under his name like company call Card.com. Also, He did multiple transaction on ATM using his wife car, I wonder how they never open investigation on him. I count on you, you're gonna do your best to help me. Have a nice day.

ABDul Pierrelus



Abdul Ferrelus #09896-104
D. Ray James C.I
P.O Box 2000
Folkston GA 31537

JACKSONVILLE FL 320
12 OCT 2018 PM 4

Mr Schizzi, Paul
8101 Biscayne BLVD Penthouse 701
Miami FL 33138
33138-465975

**Fwd: Abdul Pierrelus,**

Paul Petruzzi <paul@paulpetruzzi.com>
Mon 10/22/2018 9:52 AM
To: petruzzi-law@msn.com <petruzzi-law@msn.com>



Message sent from my mobile device.

Beatriz D. Vazquez, Esq.

Begin forwarded message:

> **From:** lourdjine jadotte <lourdje5@yahoo.com>
> **Date:** October 18, 2018 at 4:15:22 PM EDT
> **To:** Petruzzi Paul <paul@paulpetruzzi.com>
> **Subject: Abdul Pierrelus,**

Hello, this is regarding the letter Abdul Pierrelus sent on October 10, 2018. Below are recent information, Shanisa Bell business and the phone number is working, also her social media accounts.

## Contact Information

**Theeye4flashion, LLC**
5261 W Hillsboro Blvd
Coconut Creek, FL 33073

**Contact:** Shanisa Bell
**Title:** Member
**Phone:** (954) 397-2874
**Website:**

There are **2** Companies located at 5261 W Hillsboro Blvd, Coconut Creek, FL 33073



Hello, Mr Petruzzi" to continue with the information I would like to inform you with more people that I know that was doing business with Mr Wickenbert. This Guy name "Steven Michel" From Miramar, he was making ATM Transaction for Wickenbert From 2015 - 2016 and I think He's still doing this stuff on his own. There was a Guy name "Gerard Dorismond" Who Wickenbert and I were doing business with, we had a little Restaurant together. Not to long ago I was talking to Mr Wickenbert before his arrest and he mentioned this Guy name "Eric Saint Fleur" From Fort Lauderdale Who is doing taxes Fraud, and when I was talking to him he told me about "Kenson Joseph", "Ricquet Joseph" two brother from North Miami, who are doing Tax Fraud also. and there is a Lady Name "Franceline Pierre" who was using her own IRS efin to make Fraudulent tax Return. Thank you for taking your time to Read my letter.

Sincerely,
Abdiel Pierrelus

**From:** Shack, Brian (USAFLS) <Brian.Shack@usdoj.gov>
**Sent:** Friday, November 30, 2018 10:08 AM
**To:** Paul D. Petruzzi <Petruzzi-Law@msn.com>
**Subject:** Abdul Pierrelus 2255

GOVERNMENT EXHIBIT 7

Hi Paul,

Wanted to make sure you were aware of this recent 2255. This litigation may complicate Pierrelus's current attempt to cooperate.

Thanks,

Brian

**Brian J. Shack**
Assistant United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
Tel: 305-961-9403
Cell: 786-378-4529
brian.shack@usdoj.gov

1

Abdul Peterlus #098826-104
D. Ray James C.I.
P.O. Box 2000
Folkston GA 31537

Mr Petruzzi, Paul
169 E Flagler Street Suite 1241
Miami, FL 33131

33131-120516